|! JOHNSON, J.,
would grant the writ, assigns reasons.
The clear intent of La. Const, art. V, § 22(A) is to hold judicial elections at the regular congressional election. The intent to hold judicial elections at the regular congressional election is further evidenced by La.ítev.Stat.Ann. 18:621(A)(3), which in pertinent part provides:
In selecting the dates for such special elections, the governor shall first choose a gubernatorial or congressional election date; if no such date is available during the constitutionally prescribed time period, the governor shall then select another election date, as provided for in R.S. 18:402.
It is clearly established by the voting patterns in this state that voter turnout is much higher for gubernatorial and congressional elections. Filling judicial vacancies at these elections insures a higher voter turnout and the election of judges by the population as a whole. The increased turnout at these elections supports the legislative intent to hold judicial elections at the same time.
The lower courts erred in holding that a vacancy occurred in the Fourth Circuit Court of Appeal on November 9, 1998. Judge Barry’s letter of resignation was dated November 6, 1998 and timed to permit Governor Foster to call an election to fill the vacancy at the Spring elections. While seemingly a responsible act to ensure that the vacancy caused by his retirement would be filled in a most expeditious manner, his timed resignation thwarts the clear intent of La. Const, art. V, § 22. By dating the letter November 6th, Judge Barry’s resignation became irrevocable on November 9, 1998, but his seat did not become vacant until January 19, 1999. La. Const, art. V, § 22(B) provides that judicial vacancies are to be filled by special elections held within twelve months after the day on which the vacancy occurs. (Emphasis added). Scheduling elections using the date a resignation becomes irrevocable, as opposed to the date the vacancy occurs, is contrary to both constitutional and statutory provisions.
Judge Barry could have dated and sent his letter of resignation on June 6, 1998 or August 6, 1998. Changing the date on the letter of resignation does not change the fact that the seat did not become vacant until January 19, 1999. Even if Judge Barry had dated and sent his letter on | January 1, 1997, the seat did not become vacant until January 19, 1999. The period within which to fill a vacancy should not be based on when a judge decides to tender his resignation. La. Const, art. V, § 22(B) mandates that this period be based on the date the vacancy occurs. Furthermore, allowing retiring and resigning judges to determine when elections to fill their vacant seats will be held, gives these judges the power to manipulate the election process. Judge Barry’s seat became vacant on January 19, 1999 and the election to fill this vacancy should have been called at the next scheduled gubernatorial election of November 20,1999 (which is within the constitutionally prescribed twelve month period).
For the aforementioned reasons, I would grant the writ application.